UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 11-432-KSF

CARDINAL POINT INCORPORATED                                        PLAINTIFF

v.

**OPINION & ORDER**

VAP UNION SQUARE LLC                                               DEFENDANT

\* \* \* \* \* \* \* \* \* \*

This matter is before the Court upon the motion [DE #11] of the defendant, VAP Union Square LLC ("VAP"), to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, or in the alternative, to transfer to the Eastern District of Virginia pursuant to 28 U.S.C. §1404(a). Also before the Court is the motion [DE #19] of the plaintiff, Cardinal Point Inc. ("Cardinal Point"), to strike portions of VAP's reply brief and for leave to file fully executed contracts. These motions are fully briefed and are ripe for review.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

Cardinal Point, an architectural firm formerly located in Lexington, Kentucky, was hired by VAP in 2009 to design various aspects of a restaurant being built in the Union Square district of New York City, New York. Cardinal Point subcontracted the design of various aspects to other entities, but submitted its final architectural, plumbing, and electrical design to VAP in March 2010. Once the restaurant project was permitted, Cardinal Point continued to assist VAP with drawing revisions until 2011.

Cardinal Point filed this breach of contract action on December 29, 2011, alleging that VAP has failed to pay Cardinal Point for its services as required by the contracts between the parties [DE #1]. The contracts between Cardinal Point and VAP include a venue clause whereby the parties "agreed that any suit, claim, or legal proceeding of any kind between [VAP] and [Cardinal Point] will be brought in a court of competent jurisdiction in Kentucky." Cardinal Point filed its complaint in federal court on the basis of diversity jurisdiction, 28 U.S.C .§ 1332(a), contending that Cardinal Point is a Kentucky corporation with its principal place of business in Charlottesville, Virginia, that VAP is a Delaware corporation authorized to do business in the State of New York, and that the amount of controversy, exclusive of interest and costs, exceeds $75,000.

**II.    PENDING MOTIONS**

VAP has filed a motion to dismiss, asserting two defenses pursuant to Rule 12(b) of the Federal Rules of Civil Procedure [DE #11]. First, VAP contends that this Court lacks personal jurisdiction over VAP. Although VAP acknowledges the forum selection clause, it argues that its enforcement would be unfair and unreasonable. Second, VAP contends that this Court lacks subject matter jurisdiction over this matter involving only state law claims because there is not complete diversity of citizenship between the parties as required by 28 U.S.C. § 1332(a). Alternatively, in the event the Court declines to dismiss the Complaint, VAP contends that the Court should transfer the case to the Eastern District of Virginia pursuant to 28 U.S.C. § 1404(a) [DE #17].

Cardinal Point has filed a motion to strike portions of VAP's reply brief, contending that VAP has raised new issues for the first time in its reply. Cardinal Point's motion also seeks leave to file the fully executed contracts which form the basis of the parties' dispute [DE #19].

**III. ANALYSIS**

The forum selection clause at issue in this case provides that any legal proceeding between the parties should be "brought in a court of competent jurisdiction in Kentucky" [DE #1-2, 1-3]. However, before deciding whether or not to enforce the forum selection clause, this Court must first determine whether it has subject matter jurisdiction over this matter.

Jurisdiction in this case is premised on 28 U.S.C. § 1332(a). According to this statute, federal district courts have subject matter jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). The plaintiff, Cardinal Point, has the burden of proof as to the existence of federal jurisdiction. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Weller v. Cromwell Oil Co.*, 504 F.2d 927 (6th Cir. 1974). Under 28 U.S.C. § 1332, a corporation is deemed to be a citizen both of the state where it is incorporated and the state where it maintains its principal place of business, the latter being the state where the corporation has its headquarters or "nerve center." *See* 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend* ___ U.S. ___ (2010); CITE. According to the Supreme Court, the "nerve center" is "the place where the corporation maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination, i.e., the "nerve center," and not simply an office where the corporation holds its board meetings. *Hertz Corp.*, 130 S.Ct. at 1192.

Cardinal Point, a Kentucky corporation, has alleged that its principal place of business, or nerve center, is in Virginia. While Cardinal Point alleges that VAP is a citizen of Delaware and New York, VAP contends that its principal place of business is also Virginia. Thus, the Court must determine whether or not VAP is a citizen of Virginia.

As VAP notes in its reply, VAP is a limited liability company. The citizenship of a limited liability is determined by the citizenship of its members. *Homfeld II, LLC v. Comair Holdings, Inc.*, 53 Fed.Appx. 731 (6th Cir. 2002). While Cardinal Point moves to strike this argument as a newly raised issue [DE #19], the Court will deny Cardinal Point's motion. VAP appropriately raised the limited liability argument in its initial motion [DE #11]. Moreover, subject matter jurisdiction may be raised at any time, by any party, or even *sua sponte* by the Court itself. *East Brooks Books, Inc. v. City of Memphis*, 633 F.3d 459 (6th Cir. 2011). This Court has the responsibility to consider subject matter jurisdiction, regardless of the alleged failure of any party to properly raise the issue. Accordingly, Cardinal Point's motion to strike VAP's argument related to subject matter jurisdiction will be denied.

Based on the affidavit of William Bessette, Vapiano International is one of the two members of VAP [DE #11-4]. There is no dispute that Vapiano International is headquartered in and a citizen of Virginia. Because Vapiano International is a member of VAP, a limited liability company, VAP is deemed a citizen of Virginia. Cardinal Point, by its own admission, is also a citizen of Virginia; thus, there is no complete diversity of citizenship and this Court lacks subject matter jurisdiction over this matter. Accordingly, VAP's motion to dismiss based on lack of subject matter jurisdiction will be granted.

**IV.   CONCLUSION**

For the reasons set forth above, the Court, being fully and sufficiently advised, hereby **ORDERS** as follows:

(1)   VAP's motion to dismiss for lack of subject matter jurisdiction [DE #11] is **GRANTED**, and this matter will be **DISMISSED** for lack of subject matter jurisdiction;

(2)  Cardinal Point's motion to strike with respect to VAP's subject matter jurisdiction argument [DE #19] is **DENIED**;

(3)  the remaining portion of Cardinal Point's motion to strike and for leave to file contracts [DE #19] is **DENIED AS MOOT**; and

(4)  this matter is **DISMISSED** and **STRICKEN** from the active docket.

This May 31, 2012.

Signed By:

*Karl S. Forester* KSF

United States Senior Judge